## United States Bankruptcy Court
### District of Arizona

In re __RECREATE MED SPA LLC__                        Case No. __2:18-BK-12670__
                    Debtor(s)                         Chapter __11__

Small Business Case under Chapter 11

# RECREATE MED SPA LLC'S PLAN OF REORGANIZATION, DATED MAY 8, 2019

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **RECREATE MED SPA LLC** (the "Debtor") from the cash flow from the operation of its business.

This Plan provides for __1__ classes of secured claims; __1__ class of unsecured claims; and __1__ class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately __2__ cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.02    Class 2. A. The claim of **Venus Diva**, to the extent allowed as a secured claim under § 506 of the Code.

        B. The claim of **Venus Diva**, to the extent allowed as a secured claim under § 506 of the Code.

2.03    Class 3. All unsecured claims allowed under § 502 of the Code.

2.04    Class 4. Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, "gap" period claims in an involuntary case allowed under § 502(f) of the Code, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code, and a "gap" claim in an involuntary case allowed under § 502(f) of the Code, will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03　Priority Tax Claims. Each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code]. **All of it's claims within 60 months of filing.**

3.04　United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01　Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims<br><br>Internal Department of Revenue<br>Department of Economic Security | <br><br>Unimpaired<br>Unimpaired | "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in monthly payments in cash, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 - Secured Claim of<br>Venus Diva<br><br>Venus Diva | <br>Impaired<br><br>Impaired | **Shall be paid $22,000.00 in monthly payments of $364.61 with 6% interest.**<br><br>**Shall be paid $18,000 in monthly payments of $298.32 with 6% interest**<br><br>**Both shall be paid monthly starting January 1, 2019 over 60 months** |
| Class 3 - General Unsecured Creditors<br><br>M4 Paradiso LLC<br><br>Vander Servicing<br><br>Financial Pacific<br><br>Internal Revenue Service | <br><br>Impaired<br><br>Impaired<br><br>Impaired<br><br>Impaired | **All unsecured creditors shall be paid 2% of their allowed claim over 12 months commencing 10/01/2019**<br>Shall be paid $41.09 per month for a total of $493.08<br>Shall be paid $18.17 per month for a total of $218.04<br>Shall be paid $55.25 per month for a total of $663.00<br>Shall be paid $7.78 per month for a total of $93.36 |
| Class 4 - Equity Security Holders of the Debtor | Unimpaired | **Shall maintain their equity** |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01　Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02　Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03　Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01　Assumed Executory Contracts and Unexpired Leases.

(a)　The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "the date of the entry of the order confirming this Plan".

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
| --- | --- |
| Cypress West Partners Landlord | Lease of premises for operation of business |

(b)　The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the "the date of the entry of the order confirming this Plan," . A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ___ ( 30 ) days after the date of the order confirming this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

**The primary means for effectuating the Plan shall be the Devtor's net income from the operations of the SPA. Management will be provided by Deborah Gibson, the managing member.**

# ARTICLE VIII
# GENERAL PROVISIONS

8.01　Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: **Managing Member, Deborah Gibson**.

8.02　Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03　Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04　Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05　Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06　Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Arizona govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07　Corporate Governance. Debtor is a Limited Liability Corporation and Deborah Gibson is the sole member.

## ARTICLE IX
## DISCHARGE

9.01　Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

[Insert other provisions, as applicable.]

Respectfully submitted,

By: /s/ DEBORAH M. GIBSON
DEBORAH M. GIBSON
The Plan Proponent

By: /s/ Bert L. Roos
Bert L. Roos 006960
Attorney for the Plan Proponent